CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/11/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOHN PARLANTE, <br><br> *Plaintiff,* <br><br> v. <br><br> LIBERTY UNIVERSITY AND MICHAEL HART, <br><br> *Defendants.* | CASE NO. 6:21-cv-00053 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Plaintiff has brought this case against Liberty University and one of its professors, because he received a C+ grade in a graduate level information technology course, that Plaintiff needed for his doctoral degree. Dkt. 4 ¶¶ 5–10, 13. Plaintiff alleges he should have earned a higher "proper grade," but that the professor "tried to fail students as much as possible," including Plaintiff, and that he was retaliating against Plaintiff for having successfully pursued a prior grade appeal. Dkt. 4 ¶¶ 12–14. Plaintiff blames the professor for having a "faulty rubric," and says he was improperly penalized for "delays caused by" the professor himself. *Id.* ¶ 11; *see also id.* ¶¶ 19–21 (discussing issues with rubric).

Plaintiff alleges, without elaboration, that he "is a disabled student" and stated that he "invoked his right to reasonable accommodations" under the Americans with Disabilities Act. *Id.* ¶ 6. Plaintiff further alleges, without elaboration, that the professor "created a hostile learning environment by failing to properly accommodate Plaintiff's needs as instructed by the university." *Id.* ¶ 10. Plaintiff also alleges (somewhat confusingly) that he determined from a study group with several female students, that "despite [P]laintiff being the most knowledgeable

1

of the four students in the group, and having earned the highest exam scores, [P]laintiff was given the lowest overall grade on the basis of sex, in violation of 42 U.S.C. § 1983 ….." *Id.* ¶ 17.

Nonetheless, Plaintiff "advanced" past this class. *Id.* ¶ 23. But Plaintiff alleges that a subsequent, newly hired professor was not sufficiently knowledgeable and motivated and, as a result, Plaintiff made "very little progress." *Id.* ¶ 23. Plaintiff "demanded that another professor be assigned." *Id.* ¶ 24. Apparently, Liberty did assign Plaintiff another professor later in 2020, but nonetheless Liberty "refused to allow" Plaintiff to "immediately advance (catch up) to the next class," resulting in "further wasted time and money." *Id.*

In 2021, Plaintiff "enrolled in one unaccredited online engineering course" that was "unrelated to any degree, but merely for curiosity." *Id.* ¶ 26. He alleges he was given an out-of-date textbook, which was "deficient." *Id.* ¶ 27. Plaintiff alleges that he "earn[ed] sufficient points to pass the class," but nonetheless, the professor gave Plaintiff an "F." *Id.* Plaintiff alleges that, "[b]ut for the deficient learning materials," he "would have earned an A grade." *Id.*

Aggrieved by the C+ grade in his doctoral course and subsequent inability to proceed with his doctoral degree as alleged, and further aggrieved by getting an F grade in a course he enrolled in for curiosity, Plaintiff filed a six-count complaint against Liberty and its Professor Michael Hart in federal court. *See* Dkt. 4.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "[O]nly a

complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making that determination, all factual allegations contained in the complaint must be taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

The Court liberally construes *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 774 F.2d 1274, 1278 (4th Cir. 1985). And while courts are to afford *pro se* litigants' pleadings a certain "special judicial solicitude," still, "a district court is not required to recognize obscure or extravagant claims defying the most concerned efforts to unravel them," nor does it "transform the court into an advocate" for the *pro se litigant*. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

Plaintiff's first count is for intentional infliction of emotional distress, or "IIED." Dkt. 4 at 7. The claim has four elements: "1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007). An IIED claim is "not favored" in Virginia law. *Id.* Taking Plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, Plaintiff fails to state a plausible IIED claim. Plaintiff has not alleged the second element of "outrageous or intolerable conduct," by Defendants, as Plaintiff was required to plead (and did not plead) conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 187. Plaintiff's IIED claim also fails because Plaintiff has not sufficiently pleaded the fourth element of the claim, that the "resulting emotional distress was severe." *Id.* at 186. Plaintiff alleged that he "suffered from sleep

disturbances among other symptoms as a direct result of the hostile learning environment." Dkt. 4 ¶ 10. That is insufficient. *See Russo v. White*, 400 S.E.2d 160, 163 (Va. 1991) (holding that a plaintiff's allegations that "she was nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate on work," was insufficient to satisfy the fourth element of an IIED claim).

Plaintiff's second and third counts are for negligence. Dkt. 4 at 7. Plaintiff claims that Liberty "was negligent in properly reviewing complaints of professors and rubrics." *Id.* Further, Plaintiff contends that Liberty "was negligent in preventing Michael Hart from retaliating after being humiliated in a previous grade appeal." *Id.*

"There can be no actionable negligence unless there is a legal duty, a violation of the duty, and consequent damage." *Fox v. Curtis*, 372 S.E.2d 373, 375 (Va. 1988). Whether such a legal duty exists is a pure question of law. *Burns v. Gangon*, 727 S.E.2d 634, 641 (Va. 2012). A federal district court is not empowered to recognize a new common law tort that has not been previously recognized by the Virginia courts. *See Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 348 (4th Cir. 1998). This Court has previously refused to create any such new cause of action based on an asserted duty that a college or university treat its students fairly, which is not a duty that has been recognized by Virginia courts. *See, e.g.*, *Owen v. Liberty Univ.*, No. 6-19-cv-7, 2020 WL 1856798, at *9 (W.D. Va. Apr. 13, 2020) (citing *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573 (E.D. Va. 2018)). Plaintiff's negligence claims spring from a materially similar asserted duty to those cases previously dismissed, and accordingly the Court will reject them here as well.

Plaintiff's fourth and fifth causes of action are for "[v]iolation of equal protection under the law" under the Fourteenth Amendment of the U.S. Constitution, and for "deliberate indifference," in which Plaintiff asserts that Liberty "uses a faulty rubric which it refuses to

correct despite plaintiff bringing it to their attention." Dkt. 4 at 7. Liberty has reasonably construed the "deliberate indifference" claim as a claim brought pursuant to 42 U.S.C. § 1983. *See* Dkt. 12 at 10–11. "As a general matter the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." *Nat'l Coll. Athl. Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal quotation marks and citation omitted). And, "'[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Nonetheless, conduct of an ostensibly private organization or individual may at times be treated as if it is State conduct, "if, though only if, there is such a close nexus between the State and challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citation omitted). Plaintiff's complaint is devoid of any allegations that would substantiate that nexus requirement and accordingly counts four and five are dismissed. *See Watson v. Shenandoah Univ.*, No. 5:14-cv-22, 2015 WL 5674887, at *7 (W.D. Va. Sept. 24, 2015) (holding that the plaintiff's § 1983 due process claim "cannot be brought against a purely private actor, such as the [Shenandoah] University," and thus the plaintiff's "§ 1983 claims also fail because the state action requirement of a Fourteenth Amendment violation and the state-action element of § 1983 are not satisfied"); *Moore v. Northeastern Univ.*, No. 1:18-cv-324, 2019 WL 825802, at *2 (M.D.N.C. Feb. 21, 2019) ("courts have consistently held that private universities cannot be sued under § 1983").

Finally, Plaintiff brings a breach of contract claim, alleging that Liberty "fail[ed] to provide [him] the necessary materials required" the engineering class, and also the alleged "complete lack of instruction[al] materials in the course management system(s)." Dkt. 4 at 7–8.

"The elements of a breach of contract claim are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009). Even affording Plaintiff's complaint a liberal construction, he has failed to allege that Liberty had any legally enforceable obligation to Plaintiff to provide him any course materials at all, much less different ones than the ones that he alleges he was provided (though he thought they were "out of date" and otherwise insufficient to the task). *See* Dkt. 4 ¶¶ 26–27 & p. 7–8. Accordingly, lacking such an alleged obligation and further any factual allegations describing how Liberty breached such obligation (or damages resulting from such breach), Plaintiff has failed to allege a plausible claim for breach of contract.[*]

For these reasons, the Court concludes that Plaintiff has failed to state any plausible cause of action against Defendants. The Court will, in an accompanying order, dismiss Plaintiff's claims *with prejudice*.

---

[*] Plaintiff specifically brought six state-law causes of action, which have been dismissed. Therefore, considering that Plaintiff clearly intentionally chose which causes of action to bring, the Court does not construe the complaint, even affording it a liberal construction, to have tried to allege any claims under the ADA or Title IX, notwithstanding various references elsewhere in the complaint to those laws. *See Weller*, 901 F.2d at 391 (explaining that liberal construction of *pro se* complaint "does not transform the court into an advocate" or require the court to consider issues that were not "squarely presented"). The Court will not raise claims Plaintiff himself did not raise. In any event, they would fail. Plaintiff's conclusory allegation invoking the ADA lacks any factual adornment, and as such is a legal conclusion to which the Court need not afford the presumption of truth. *See* Dkt. 4 ¶ 6; *see also Twombly*, 550 U.S. at 545 (plaintiff retains burden to allege facts, rather than mere "labels and conclusions"). Similarly, any Title IX claim would also fail because Plaintiffs' factual allegations, taken as true, do not "raise a plausible inference that the university discriminated against [Plaintiff] on the basis of sex[.]" *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 235 (4th Cir. 2021). *See* Dkt. 4 ¶ 17. And his conclusory assertion that he was "given the lowest overall grade on the basis of sex" is a legal conclusion and is not sufficient to state a claim.

The Clerk of Court is directed to send this Memorandum Opinion to the parties.

ENTERED this __11th__ day of May, 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE